Maria Camella EUGENE–LUIS, aka
Marie Camelle Eugene–Luis,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–71581.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Oct. 30, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Camella Eugene, Tacoma, WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Manuel A. Palau, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and KLEINFELD, Circuit Judges, and HURLEY,** District Judge.

## MEMORANDUM ***

■ Substantial evidence supports the IJ's adverse credibility finding. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007). Eugene–Luis's testimony was replete with vague answers and inconsistencies about her father's alleged party affiliation, where her father was employed, and which political party was responsible for his abduction and which party she now fears.

■ Contrary to Eugene–Luis's ·argument, the IJ did not base her adverse credibility finding on Eugene–Luis's failure to produce corroborating evidence. Instead, the IJ explicitly found Eugene–Luis's testimony and statements not credible and in the absence of credible testimony, reasonably took into account the lack of corroborative evidence. *See* 8 U.S.C.

§ 1158(b)(1)(B)(i) ("The burden of proof is on the applicant to establish that the applicant is a refugee....").

■ The record reveals that Eugene–Luis had a reasonable opportunity to explain these key inconsistencies and was asked on several occasions if she wished to add anything further, but failed to do so. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007). Given that Eugene–Luis was given ample opportunity to clarify her answer, that she has not indicated what she would have stated differently if given the chance, and that the testimony that was found not credible was neither confusing nor unintelligible, we cannot conclude that translator error affected the outcome of her hearing. *See Perez–Lastor v. INS*, 208 F.3d 773, 777–80 (9th Cir.2000). Nor did her pro se status bear on the credibility problem.

Eugene–Luis also contends that the BIA should have remanded for a new hearing consistent with the rule of lenity. However, the rule does not apply to this case. *See Moskal v. United States*, 498 U.S. 103, 107–08, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990).

■ Finally, respondent argues correctly that Eugene–Luis waived any challenges to the agency's denial of her claims for withholding of removal and CAT relief because she failed to address these issues in her opening brief. Even were they not waived, they are based on the same evidence as the asylum claim and therefore without merit for the reasons above.

**PETITION FOR REVIEW DENIED.**

---

** The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.